ROWE, J.
Bernard Smith appeals his judgment and sentence, arguing that the trial court erred in admitting his statement that he did not have “any more crack cocaine in him” when questioned by police officers after they saw him spit out several pieces of a partly-chewed substance which the officers recognized from their experience to be crack cocaine. At the time Mr. Smith made the statement to the officers, he had not been administered the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The state asserts that Mr. Smith’s pre-Miranda statement was admissible under the rescue doctrine, also known as the private safety exception to the Miranda rule. We agree and affirm Mr. Smith’s judgment and sentence, holding that the private safety exception applies under the facts of this case where the police officers had an objectively reasonable concern for Mr. Smith’s safety.
This case presents an issue of first impression for this court: whether there is an exception to the Miranda rule where a suspect is questioned by police officers *609 when the suspect is confronted with a life-threatening medical emergency. In New York v. Quarles, 467 U.S. 649, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984), the United States Supreme Court recognized a public safety exception to the Miranda rule, holding that statements obtained without Miranda warnings are admissible when immediate questioning is necessary to secure the safety of the public:
[W]here spontaneity rather than adherence to a police manual is necessarily the order of the day, the application of the exception which we recognize today should not be made to depend on post hoc findings at a suppression hearing concerning the subjective motivation of the arresting officer. Undoubtedly most police officers ... would act out of a host of different, instinctive, and largely unverifiable motives — then own safety, the safety of others, and perhaps as well the desire to obtain incriminating evidence from the suspect.
Whatever the motivation of individual officers in such a situation, we do not believe that the doctrinal underpinnings of Miranda require that it be applied in all its rigor to a situation in which police officers ask questions reasonably prompted by a concern for public safety.
Id. at 656, 104 S.Ct. 2626 (footnote omitted). This exception to the Miranda rule was established by the Court to allow police officers “to follow their legitimate instincts when confronting situations presenting a danger to the public safety.” Id. at 659, 104 S.Ct. 2626. In Joppy v. State, 719 So.2d 316 (Fla. 1st DCA 1998), this court applied the Quarles public safety exception where the circumstances posed a threat to police officers: “The basis for the exception in Quarles is that the need for answers to questions in situations posing a threat to the safety of the public, or to the police such as in this case, outweighs the need for the prophylactic rule protecting the Fifth Amendment’s privilege against self-incrimination.” Id. at 319.
While this court has not previously extended the Quarles exception to circumstances where the suspect making the pre-Miranda statement was confronted with a life-threatening medical emergency, the Fourth District has done so in Benson v. State, 698 So.2d 333 (Fla. 4th DCA 1997). In such circumstances, where a threat to the safety of the suspect making the pre-Miranda statement is at issue, some courts recognize a companion exception to the Quarles public safety exception, referred to as a private safety exception or a rescue doctrine. See, e.g., State v. Londo, 215 Ariz. 72, 158 P.3d 201 (2006) (applying “private safety exception” or “rescue doctrine” where suspect is reasonably considered to be in urgent need of rescue to avoid serious injury or death due to swallowing crack cocaine); United States v. Lutz, 207 F.Supp.2d 1247, 1258 (D.Kan.2002) (recognizing safety is more important than Miranda where officers saw defendant chewing and swallowing plastic bag commonly associated with drug packaging); People v. Stevenson, 51 Cal.App.4th 1234, 59 Cal.Rptr.2d 878, 880 (1996) (finding police could question suspect who admitted swallowing rock cocaine).
In Benson, a police officer was in the process of arresting a suspect for a drug transaction when he saw the suspect chewing something, and the officers responded by yelling for him to spit it out and physically attempted to prevent him from swallowing. Before administering Miranda warnings, one officer asked Benson how many crack rocks he had swallowed, and he replied that he had swallowed one rock. The officer “described the situation as an ‘emergency,’ explaining that he was concerned about the amount of crack cocaine the defendant may have swallowed because ‘if he had swallowed too much we would have needed to take him to the *610 hospital to have his stomach pumped. Id. at 333-34.
In determining whether an exception to the Miranda rule applied to the inculpato-ry statements made by Benson, the Fourth District applied the three-part test enunciated in People v. Riddle, 83 Cal.App.3d 563, 148 Cal.Rptr. 170, 177 (1978) to determine whether (1) the need for the information was urgent and no other course of action promised relief; (2) there was a possibility of rescuing a person whose life may have been in danger; and (3) rescue of the individual appeared to be the primary purpose and motive of the interrogators. Benson, 698 So.2d at 335. In Benson, the court also found that “[a] necessary ingredient in this medical emergency exception is that there must be an ‘objectively reasonable concern for immediate danger.’” Id. at 337 (quoting United States v. Mobley, 40 F.3d 688 (4th Cir.1994), cert. denied, 514 U.S. 1129, 115 S.Ct. 2005, 131 L.Ed.2d 1005 (1995)).
In holding that Benson’s pre-Miranda statements were properly admitted, the court specifically found that the facts in that case satisfied the three-part test for application of the rescue doctrine, and that the police officers had an objectively reasonable concern that Benson was facing a life-threatening emergency:
[T]he police questioning stemmed from an immediate threat to defendant’s health, which required quick action without time for Miranda warnings. In such a situation, the necessity of protecting the defendant’s health must take precedence over the procedural safeguards of Miranda.

Id.

Here, in circumstances virtually identical to those presented in Benson, Officer Bryant testified that he observed Mr. Smith chewing and attempting to swallow several pieces of crack cocaine. He alerted the other officers on the scene, and together they attempted to convince Mr. Smith to spit out the substance, advising him that he could die from ingesting too much of the substance, and Officer Bryant physically tried to stop him from swallowing the pieces. Officer Williams testified that he asked Mr. Smith if he had any more crack cocaine in his system out of concern that he might overdose, knowing that the officers would need to get Mr. Smith medical assistance if he had ingested the cocaine.
Based on these facts, the pr e-Miranda statements made by Mr. Smith were properly admitted under the private safety exception or rescue doctrine. The circumstances of this case satisfy the three-part test enunciated in Riddle: the need for information was urgent; there was a possibility of rescuing a person whose life may have been in danger; and the rescue of Mr. Smith appears to be the primary purpose and motivation of the interrogator. See Benson, 698 So.2d at 337. As in Benson, the testimony shows there was an objectively reasonable concern for Mr. Smith’s life: Mr. Smith was observed chewing several pieces of crack cocaine and it was unknown if or how much he had swallowed. It was obvious to all the officers on the scene that this posed a serious danger to Mr. Smith’s health. Mr. Smith’s argument that there appeared to have been time to administer Miranda warnings is without merit in light of the facts and circumstances of this case. “The right to remain silent would be of little practical value to a defendant who becomes comatose from a drug overdose while being read his Miranda rights.” Id. at 337-38.
AFFIRMED.
WOLF and CLARK, JJ., concur.